### THE PARK CITY.

(District Court, D. Connecticut. March 25, 1908.)

#### No. 1,428.

COLLISION—DAMAGES—REPORT OF COMMISSIONER.
    The finding of a commissioner fixing the damages resulting to a dredge from collision, considered and affirmed.

In Admiralty. On exceptions to report of commissioner.
See 144 Fed. 527.

James A. Marr, for libelant.
Howard H. Knapp and Thomas J. Ritch, for claimant.

PLATT, District Judge. From the beginning this case has been peculiar, and for that reason an interesting one. At the hearing on the merits it appeared that just before the collision the Park City had slowed down so much that she barely hit the dredge. This fact is confirmed by the commissioner's finding. She did hit her, however, and I found her in fault for doing so. The dipper handle and one spud were broken because of the blow, due undoubtedly to the position in which they happened to be at the moment. Such a jar must have wrenched things considerably.

Before going to the commissioner the libelants increased their demand from $5,500 to $10,000, and then told a wondrous tale about the damage. Among the various ways in which the claimant undertook to counteract the impression which that tale was likely to make upon the mind of the commissioner was that of introducing Mr. Drake as an expert to tell how cheaply the stern bucking piece and the parts connected therewith could be put in as good condition as they were before the accident. It would be natural for Mr. Drake to reach a reasonably low conclusion as to the amount of damage. The commissioner accepted his figures with substantial exactness.

The proctor who conducted the hearing has been unable to follow the report on account of his lack of health. The Park City runs between Bridgeport, Conn., and Port Jefferson, Long Island. The Bridgeport proctor is the incapacitated one. Now a Port Jefferson proctor takes up the report. He lauds the commissioner to the skies for his sagacity and skill. Incidentally he finds fault with each final conclusion at which the commissioner arrived. He files four exceptions, and the commissioner has found only four elements of damage. He wants the court to hunt for the minimum, but in truth the commissioner has accepted the lowest figures which the proctor representing the Park City dared present. This chipping off chunks of damage by installments does not commend itself to the conscience of the court.

Those in charge of the dredge complained of its hurt at the time of the accident. They invited the captain of the Park City to come on board and examine. The captain was so positive that his boat was not responsible for the damage that he refused to even look at the injuries. The libelants then treated the matter in their own way and from their own standpoint. Now the claimants think that in all fairness the libelants ought to have given them the broken dipper handle. It seems to me that the libelants made reasonable efforts to turn the broken handle into money; but, finding that it would cost more to reduce it to fragments small enough to handle than could be gotten for the old metal, they did the only thing left for them to do, which was to let it sink of its own weight and join the lost articles which probably incumber the bottom of the sound. The parties who refused to look at it ought not to berate them for that.

With regard to repairs to the stern, the words of the commissioner are not as forceful as the evidence warrants. I think that the evidence, studied in the light most favorable to the claimants, shows plainly that the amount of damage found in that respect is necessary

in order to make the dredge as good as it was before the accident. The same is true of the piping and boiler.

Let the exceptions be overruled, the report accepted, and a decree entered for the amount found by the commissioner, with costs.